**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| AMY HAMILTON-WARWICK,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON WIRELESS and FEDERAL TRADE COMMISSION, *acting as the Bureau of Consumer Protection*,<br><br>Defendants. | Civ. No. 16-3461 (JRT/BRT)<br><br><br>**ORDER** |

Amy Hamilton-Warwick, 306 Exchange Street South, St. Paul, MN 55102, *pro se* plaintiff.

Seth J.S. Leventhal, Esq., **LEVENTHAL PLLC**, 527 Marquette Avenue South, Suite 2100, Minneapolis, MN 55402, for defendant Verizon Wireless.

Erica H. MacDonald, United States Attorney, Pamela Marentette, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant Federal Trade Commission.

Plaintiff Amy Hamilton-Warwick has moved to reopen this case following an arbitration award in favor of Defendants, Verizon Wireless and the Federal Trade Commission. On October 13, 2016, Hamilton-Warwick filed a complaint alleging breach of contract against Verizon Wireless ("Verizon") and the Federal Trade Commission ("FTC") (collectively "Defendants"). (Comp., Oct. 13, 2016, Docket No. 1.) On May 3, 2017, the Court dismissed Hamilton Warwick's claims against the FTC and granted

Verizon's Motion to Stay the Action and Compel Arbitration. (Order, May 3, 2017, Docket No. 41.) After finding that Plaintiff failed to meet her burden of proof with respect to her claims against Verizon, on May 4, 2018, the arbitrator entered an award denying her any relief.

On July 31, 2018, Hamilton-Warwick filed a pro se Motion to Reopen the Case. (Mot. to Reopen, July 31, 2018, Docket No. 46.) She argues that the case should be reopened for the following reasons: "(1) the plaintiff met the burden of proof to demonstrate the Defendant violate[d] the agreed upon contract; (2) the arbitrator did not understand the issues related to the case; (3) the arbitrator had a conflict which the plaintiff expressed concern about." (*See id.*)

The Federal Arbitration Act limits the grounds upon which an award may be vacated to those in which the award was "obtained by 'corruption, fraud or undue means . . . where there was misconduct by the arbitrators; or where the arbitrators exceeded their powers.'" *Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 319 F.3d 1060, 1065 (8th Cir. 2003) (quoting 9 U.S.C. § 10(a)). Accordingly, the Court lacks discretion to review the arbitrator's findings as to whether the Plaintiff met her burden of proof. With respect to the claims of conflict and the arbitrator's failure to understand the issues presented, Plaintiff alleges no factual bases to support her arguments. Such bare allegations fail to meet the standard required to reopen the case and vacate the arbitration award.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Motion to Reopen the Case [Docket No. 46] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 6, 2018            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                     Chief Judge
                                       United States District Court